UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GARY BIRMINGHAM | : | |
| | : | |
| v. | : | C.A. No. 16-149M |
| | : | |
| CAROLYN COLVIN, Acting | : | |
| Commissioner of the Social Security | : | |
| Administration | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

This matter is before the Court for judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Social Security Insurance ("SSI") under the Social Security Act (the "Act"), 42 U.S.C. § 405(g). Plaintiff filed his Complaint on March 25, 2016 seeking to reverse the decision of the Commissioner. On August, 31, 2016, Plaintiff filed a Motion to Reverse the Decision of the Commissioner. (Document No. 11). On September 30, 2016, the Commissioner filed a Motion for an Order Affirming the Decision of the Commissioner. (Document No. 12). On October 14, 2016, Plaintiff filed a Reply Brief. (Document No. 13).

This matter has been referred to me for preliminary review, findings and recommended disposition. 28 U.S.C. § 636(b)(1)(B); LR Cv 72. Based upon my review of the record, the parties' submissions and independent research, I find that there is substantial evidence in this record to support the Commissioner's decision and findings that Plaintiff is not disabled within the meaning of the Act. Consequently, I recommend that Plaintiff's Motion to Reverse (Document No. 11) be

DENIED and that the Commissioner's Motion for an Order Affirming (Document No. 12) be GRANTED.

## I.      PROCEDURAL HISTORY

Plaintiff filed an application for SSI on April 29, 2013 alleging disability since January 13, 2013. (Tr. 135-143).   The application was denied initially on November 21, 2013 (Tr. 77-79) and on reconsideration on April 28, 2014.  (Tr. 81-83).  Plaintiff requested an Administrative Hearing.  On January 8, 2015, a hearing was held before Administrative Law Judge Martha Bower (the "ALJ") at which time Plaintiff, represented by counsel, and a vocational expert ("VE") appeared and testified.  (Tr. 30-58).  The ALJ issued an unfavorable decision to Plaintiff on February 11, 2015. (Tr. 13-26).  The Appeals Council denied Plaintiff's request for review on February 17, 2016.  (Tr. 1-3).  Therefore the ALJ's decision became final.  A timely appeal was then filed with this Court.

## II.     THE PARTIES' POSITIONS

Plaintiff argues that the ALJ erred by failing to admit late-tendered medical evidence and by failing to incorporate Plaintiff's need to elevate his leg into his RFC assessment.

The Commissioner disputes Plaintiff's claims and contends that the ALJ properly declined to admit the late-tendered medical evidence and that her RFC finding is supported by the record and must be affirmed.

## III.    THE STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  Ortiz v. Sec'y of Health

and Human Servs., 955 F.2d 765, 769 (1ˢᵗ Cir. 1991) (per curiam); Rodriguez v. Sec'y of Health and Human Servs., 647 F.2d 218, 222 (1ˢᵗ Cir. 1981).

Where the Commissioner's decision is supported by substantial evidence, the court must affirm, even if the court would have reached a contrary result as finder of fact. Rodriguez Pagan v. Sec'y of Health and Human Servs., 819 F.2d 1, 3 (1ˢᵗ Cir. 1987); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11ᵗʰ Cir. 1991). The court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. Frustaglia v. Sec'y of Health and Human Servs., 829 F.2d 192, 195 (1ˢᵗ Cir. 1987); Parker v. Bowen, 793 F.2d 1177 (11ᵗʰ Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied).

The court must reverse the ALJ's decision on plenary review, however, if the ALJ applies incorrect law, or if the ALJ fails to provide the court with sufficient reasoning to determine that he or she properly applied the law. Nguyen v. Chater, 172 F.3d 31, 35 (1ˢᵗ Cir. 1999) (per curiam); accord Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11ᵗʰ Cir. 1991). Remand is unnecessary where all of the essential evidence was before the Appeals Council when it denied review, and the evidence establishes without any doubt that the claimant was disabled. Seavey v. Barnhart, 276 F.3d 1, 11 (1ˢᵗ Cir. 2001) citing, Mowery v. Heckler, 771 F.2d 966, 973 (6ᵗʰ Cir. 1985).

The court may remand a case to the Commissioner for a rehearing under sentence four of 42 U.S.C. § 405(g); under sentence six of 42 U.S.C. § 405(g); or under both sentences. Seavey, 276 F.3d at 8. To remand under sentence four, the court must either find that the Commissioner's decision is not supported by substantial evidence, or that the Commissioner incorrectly applied the law relevant to the disability claim. Id.; accord Brenem v. Harris, 621 F.2d 688, 690 (5ᵗʰ Cir. 1980)

(remand appropriate where record was insufficient to affirm, but also was insufficient for district court to find claimant disabled).

Where the court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow her to explain the basis for her decision. Freeman v. Barnhart, 274 F.3d 606, 609-610 (1st Cir. 2001). On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. Diorio v. Heckler, 721 F.2d 726, 729 (11th Cir. 1983) (necessary for ALJ on remand to consider psychiatric report tendered to Appeals Council). After a sentence four remand, the court enters a final and appealable judgment immediately, and thus loses jurisdiction. Freeman, 274 F.3d at 610.

In contrast, sentence six of 42 U.S.C. § 405(g) provides:

> The court...may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding;

42 U.S.C. § 405(g). To remand under sentence six, the claimant must establish: (1) that there is new, non-cumulative evidence; (2) that the evidence is material, relevant and probative so that there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for failure to submit the evidence at the administrative level. See Jackson v. Chater, 99 F.3d 1086, 1090-1092 (11th Cir. 1996).

A sentence six remand may be warranted, even in the absence of an error by the Commissioner, if new, material evidence becomes available to the claimant. Id. With a sentence six remand, the parties must return to the court after remand to file modified findings of fact. Id.

The court retains jurisdiction pending remand, and does not enter a final judgment until after the completion of remand proceedings.  Id.

IV.    THE LAW

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1); 20 C.F.R. § 404.1505.  The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy.  42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505-404.1511.

A.    Treating Physicians

Substantial weight should be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise.  See Rohrberg v. Apfel, 26 F. Supp. 2d 303, 311 (D. Mass. 1998); 20 C.F.R. § 404.1527(d).  If a treating physician's opinion on the nature and severity of a claimant's impairments, is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight.  20 C.F.R. § 404.1527(d)(2).  The ALJ may discount a treating physician's opinion or report regarding an inability to work if it is unsupported by objective medical evidence or is wholly conclusory.  See Keating v. Sec'y of Health and Human Servs., 848 F.2d 271, 275-276 (1st Cir. 1988).

Where a treating physician has merely made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments.  See Wheeler v. Heckler, 784 F.2d 1073, 1075 (11th Cir. 1986).  When a

treating physician's opinion does not warrant controlling weight, the ALJ must nevertheless weigh the medical opinion based on the (1) length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the medical evidence supporting the opinion; (4) consistency with the record as a whole; (5) specialization in the medical conditions at issue; and (6) other factors which tend to support or contradict the opinion.  20 C.F.R § 404.1527(c).  However, a treating physician's opinion is generally entitled to more weight than a consulting physician's opinion.  See 20 C.F.R. § 404.1527(c)(2).

The ALJ is required to review all of the medical findings and other evidence that support a medical source's statement that a claimant is disabled.  However, the ALJ is responsible for making the ultimate determination about whether a claimant meets the statutory definition of disability.  20 C.F.R. § 404.1527(e).  The ALJ is not required to give any special significance to the status of a physician as treating or non-treating in weighing an opinion on whether the claimant meets a listed impairment, a claimant's residual functional capacity (see 20 C.F.R. §§ 404.1545 and 404.1546), or the application of vocational factors because that ultimate determination is the province of the Commissioner.  20 C.F.R. § 404.1527(e).  See also Dudley v. Sec'y of Health and Human Servs., 816 F.2d 792, 794 (1st Cir. 1987).

B.       Developing the Record

The ALJ has a duty to fully and fairly develop the record.   Heggarty v. Sullivan, 947 F.2d 990, 997 (1st Cir. 1991).  The Commissioner also has a duty to notify a claimant of the statutory right to retained counsel at the social security hearing, and to solicit a knowing and voluntary waiver of that right if counsel is not retained.  See 42 U.S.C. § 406; Evangelista v. Sec'y of Health and Human Servs., 826 F.2d 136, 142 (1st Cir. 1987).  The obligation to fully and fairly develop the record exists

if a claimant has waived the right to retained counsel, and even if the claimant is represented by counsel.  Id.  However, where an unrepresented claimant has not waived the right to retained counsel, the ALJ's obligation to develop a full and fair record rises to a special duty.  See Heggarty, 947 F.2d at 997, citing Currier v. Sec'y of Health Educ. and Welfare, 612 F.2d 594, 598 (1st Cir. 1980).

### C.    Medical Tests and Examinations

The ALJ is required to order additional medical tests and exams only when a claimant's medical sources do not give sufficient medical evidence about an impairment to determine whether the claimant is disabled.  20 C.F.R. § 416.917; see also Conley v. Bowen, 781 F.2d 143, 146 (8th Cir. 1986).  In fulfilling his duty to conduct a full and fair inquiry, the ALJ is not required to order a consultative examination unless the record establishes that such an examination is necessary to enable the ALJ to render an informed decision.  Carrillo Marin v. Sec'y of Health and Human Servs., 758 F.2d 14, 17 (1st Cir. 1985).

### D.    The Five-step Evaluation

The ALJ must follow five steps in evaluating a claim of disability.  See 20 C.F.R. §§ 404.1520, 416.920.  First, if a claimant is working at a substantial gainful activity, she is not disabled.  20 C.F.R. § 404.1520(b).  Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled.  20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled.  20 C.F.R. § 404.1520(d).  Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled.  20 C.F.R. § 404.1520(e).  Fifth,

if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled. 20 C.F.R. § 404.1520(f). Significantly, the claimant bears the burden of proof at steps one through four, but the Commissioner bears the burden at step five. Wells v. Barnhart, 267 F. Supp. 2d 138, 144 (D. Mass. 2003) (five-step process applies to both SSDI and SSI claims).

In determining whether a claimant's physical and mental impairments are sufficiently severe, the ALJ must consider the combined effect of all of the claimant's impairments, and must consider any medically severe combination of impairments throughout the disability determination process. 42 U.S.C. § 423(d)(2)(B). Accordingly, the ALJ must make specific and well-articulated findings as to the effect of a combination of impairments when determining whether an individual is disabled. Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993).

The claimant bears the ultimate burden of proving the existence of a disability as defined by the Social Security Act. Seavey, 276 F.3d at 5. The claimant must prove disability on or before the last day of her insured status for the purposes of disability benefits. Deblois v. Sec'y of Health and Human Servs., 686 F.2d 76 (1st Cir. 1982), 42 U.S.C. §§ 416(i)(3), 423(a), (c). If a claimant becomes disabled after she has lost insured status, her claim for disability benefits must be denied despite her disability. Id.

### E.     Other Work

Once the ALJ finds that a claimant cannot return to her prior work, the burden of proof shifts to the Commissioner to establish that the claimant could perform other work that exists in the national economy. Seavey, 276 F.3d at 5. In determining whether the Commissioner has met this burden, the ALJ must develop a full record regarding the vocational opportunities available to a

claimant.  Allen v. Sullivan, 880 F.2d 1200, 1201 (11th Cir. 1989).  This burden may sometimes be met through exclusive reliance on the Medical-Vocational Guidelines (the "grids").  Seavey, 276 F.3d at 5.  Exclusive reliance on the "grids" is appropriate where the claimant suffers primarily from an exertional impairment, without significant non-exertional factors.  Id.; see also Heckler v. Campbell, 461 U.S. 458, 103 S. Ct. 1952, 76 L.Ed.2d 66 (1983) (exclusive reliance on the grids is appropriate in cases involving only exertional impairments, impairments which place limits on an individual's ability to meet job strength requirements).

Exclusive reliance is not appropriate when a claimant is unable to perform a full range of work at a given residual functional level or when a claimant has a non-exertional impairment that significantly limits basic work skills.  Nguyen, 172 F.3d at 36.  In almost all of such cases, the Commissioner's burden can be met only through the use of a vocational expert.  Heggarty, 947 F.2d at 996.  It is only when the claimant can clearly do unlimited types of work at a given residual functional level that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy.  See Ferguson v. Schweiker, 641 F.2d 243, 248 (5th Cir. 1981).  In any event, the ALJ must make a specific finding as to whether the non-exertional limitations are severe enough to preclude a wide range of employment at the given work capacity level indicated by the exertional limitations.

### 1.    Pain

"Pain can constitute a significant non-exertional impairment."  Nguyen, 172 F.3d at 36. Congress has determined that a claimant will not be considered disabled unless he furnishes medical and other evidence (e.g., medical signs and laboratory findings) showing the existence of a medical impairment which could reasonably be expected to produce the pain or symptoms alleged.  42

U.S.C. § 423(d)(5)(A).  The ALJ must consider all of a claimant's statements about his symptoms, including pain, and determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence.  20 C.F.R. § 404.1528.  In determining whether the medical signs and laboratory findings show medical impairments which reasonably could be expected to produce the pain alleged, the ALJ must apply the First Circuit's six-part pain analysis and consider the following factors:

> (1)    The nature, location, onset, duration, frequency, radiation, and intensity of any pain;
>
> (2)    Precipitating and aggravating factors (e.g., movement, activity, environmental conditions);
>
> (3)    Type, dosage, effectiveness, and adverse side-effects of any pain medication;
>
> (4)    Treatment, other than medication, for relief of pain;
>
> (5)    Functional restrictions; and
>
> (6)    The claimant's daily activities.

Avery v. Sec'y of Health and Human Servs., 797 F.2d 19, 29 (1st Cir. 1986).  An individual's statement as to pain is not, by itself, conclusive of disability.  42 U.S.C. § 423(d)(5)(A).

### 2.    Credibility

Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding.  Rohrberg, 26 F. Supp. 2d at 309.  A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record.  See Frustaglia, 829 F.2d at 195.  The failure to articulate the reasons for discrediting subjective pain testimony requires

that the testimony be accepted as true.  See DaRosa v. Sec'y of Health and Human Servs., 803 F.2d 24 (1st Cir. 1986).

A lack of a sufficiently explicit credibility finding becomes a ground for remand when credibility is critical to the outcome of the case.  See Smallwood v. Schweiker, 681 F.2d 1349, 1352 (11th Cir. 1982).  If proof of disability is based on subjective evidence and a credibility determination is, therefore, critical to the decision, "the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding."  Foote v. Chater, 67 F.3d 1553, 1562 (11th Cir. 1995) (quoting Tieniber v. Heckler, 720 F.2d 1251, 1255 (11th Cir. 1983)).

**V.     APPLICATION AND ANALYSIS**

**A.     The ALJ's Decision**

The ALJ found that Plaintiff's severe impairments include morbid obesity, knee osteoarthritis, degenerative disc disease of the lumbar spine and diabetes mellitus.  (Tr. 19).  While Plaintiff did not meet any Section of the Listing of Impairments, the ALJ found that Plaintiff retained the ability to perform light work except that he can "stand and/or walk 6 hours in an 8-hour workday, sit about 6 hours in an 8-hour workday, occasionally climb stairs, ramps, ropes, ladders and scaffolds, kneel, crouching, crawl, stoop and balance.  The claimant must avoid concentrated exposure to vibration, unprotected heights and dangerous machinery." (Tr. 20).  The ALJ concluded that Plaintiff could perform other work, such as assembly and assembly press operator at the light level and hand packager and inspector at the sedentary level.  (Tr. 25).  The ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act.  Id.

### B.    The Late-tendered Evidence

Plaintiff submitted medical evidence on January 6, 2015 which the ALJ declined to accept at the January 8, 2015 hearing pursuant to the so-called "Five-day Rule" contained in 20 C.F.R. § 405.331(b).  The evidence is a form completed by Plaintiff's treating Nurse Practitioner dated January 5, 2015.  (Document No. 11-1).  Plaintiff contends that the ALJ abused her discretion in refusing to accept and consider this medical evidence.

The "Five-day Rule" requires that "[a]ny written evidence that you wish to be considered at the hearing must be submitted no later than five business days before the date of the scheduling hearing."  In the event of a late filing, the ALJ "may" decline to consider the evidence unless (1) the Commissioner's action misled the claimant; (2) the claimant had a physical, mental, educational or linguistic limitation that prevented earlier submission; or (3) some other unusual, unexpected or unavoidable circumstance beyond the claimant's control prevented him from submitting the evidence earlier.  20 C.F.R. § 405.331(b).  This Court has held that the Rule is not meant to be applied "rigorously or rigidly" and analogized the applicable standard to be one of "excusable neglect."  See Howe v. Colvin, 1:14-cv-00544M, 2015 WL 7890085 (D.R.I. Dec. 4, 2015).

Here, the ALJ explained her reasoning for declining to admit the late-tendered evidence.  She concluded that the evidence "should have been available prior to the hearing and should have been submitted five days prior to the hearing."  (Tr. 16).  She accurately noted Plaintiff began seeing Nurse Welch on June 12, 2013 and last saw her for treatment on October 21, 2014.  Id.  Furthermore, notice of the January 8, 2015 ALJ hearing was sent to the Plaintiff and his counsel on October 8, 2014.  (Tr. 99).  Thus, the ALJ reasonably concluded that there was sufficient time to obtain and submit a statement from this treatment provider in a timely fashion.  Id.  Plaintiff's counsel's only

explanation offered to the ALJ was that the statement "had been requested prior and that it had not been received." (Tr. 33).[1] She provided no other detail or explanation to the ALJ.

Plaintiff shifts gears before this Court and argues that "the ALJ's decision does not take into account the fact that the document simply did not exist more than five days prior to the hearing day." (Document No. 11 at p. 10). True, but that argument begs the question. The ALJ was interested, and rightfully so, in Plaintiff's opportunity to request, obtain and submit this statement in a timely fashion. Plaintiff has never offered any adequate explanation which might have supported a finding of "excusable neglect." As previously noted, Plaintiff had been seeing Nurse Welch since June 12, 2013 (Tr. 261-262) and has been represented by current counsel since May 14, 2014. (Tr. 87-88). Plaintiff last saw Nurse Welch on October 21, 2014. (Tr. 346). Thus, Plaintiff's counsel had several months to ask Nurse Welch to complete and return the statement. Plaintiff's counsel has offered no facts upon which the ALJ might have reasonably exercised her discretion to admit the late-tendered evidence. While Nurse Welch may well have been tardy in completing and returning the statement, the record is devoid of any facts supporting that tardiness. The only facts on the record are that Nurse Welch dated the form January 5, 2015 and appears to have returned it by fax on 5:43 p.m. that day. (Document No. 11-1). Also, the ALJ hearing was noticed on October 8, 2014. (Tr. 16, 99). Accordingly, from this record, it is impossible to ascertain if the lateness was attributable to Nurse Welch or Plaintiff's counsel, or the actual reason for the lateness. The ALJ cannot be faulted for refusing to accept the late-tendered evidence in view of the lack of any adequate explanation offered by Plaintiff's counsel. In addition, Plaintiff has failed to offer any adequate explanation to this Court

---

[1] While Plaintiff's counsel represented to the ALJ that the statement was requested in a "timely manner," she never disclosed when it was requested. (Tr. 35). She could only represent when it was not requested and, on appeal, Plaintiff still does not represent when it was requested.

that might support a finding that the ALJ abused her discretion.  If the Court did so on this record, it would essentially render the Five-day Rule meaningless.  Plaintiff has shown no error.

### C.     The ALJ's RFC Assessment is Fully Supported by the Record

Plaintiff further alleges that the ALJ erred in failing to assess a physical RFC that included a need to elevate his right leg.  (Document No. 11 at pp. 11-14).  The only evidence Plaintiff cites in support of such a limitation is the opinion from Nurse Welch, which, as previously discussed, the ALJ properly declined to admit into evidence.  Moreover, even if the ALJ erred in failing to accept the late-tendered evidence, such error would be harmless in this case since substantial evidence otherwise supports the ALJ's decision.

In assessing Plaintiff's RFC, the ALJ afforded "substantial evidentiary weight" to the opinion of one of the State agency reviewing physicians, Dr. Mogul, "as it is well-supported by the evidence of record and based on his particular and detailed knowledge of the standard of disability as set forth by the Commissioner."  (Tr. 24).  State agency medical consultants such as Dr. Mogul are not only "acceptable medical sources" but also "highly qualified physicians...who are also experts in Social Security disability evaluation."  20 C.F.R. § 416.927(e)(2)(i).  Here, Dr. Mogul considered medical records from Dr. Breen, Thundermist, Memorial Hospital, Rhode Island Hospital and the consultative examining physician Dr. Dionisopoulos in assessing Plaintiff with an RFC for a limited range of exertionally light work.  (Tr. 69-71).  He discussed much of this evidence in detail, including the January 2014 MRI that revealed chronic partial tears of Plaintiff's ACL and MCL, Plaintiff's morbid obesity, and Nurse Welch's findings on examination of joint line and popliteal swelling of the knee, popping and crepitus with movement and 1+ pitting edema in the ankles and lower calf.  (Tr. 72).  After reviewing the medical records, Dr. Mogul did not assess Plaintiff with

a need to keep his leg elevated for at least half of an eight-hour workday in a sedentary job as did Nurse Welch. (Tr. 73-75).

Plaintiff also fails to identify any medical evidence that entered the record subsequent to Dr. Mogul's review that undermines the validity of his opinion. Nurse Welch's notes repeat the same observed physical findings that Dr. Mogul acknowledged throughout most of the documented treatment relationship. (Tr. 243-244, 247, 250, 255, 258, 261, 319, 325). And, while Plaintiff did experience a fall due to collapse of his right knee in May 2014 (Tr. 312), Nurse Welch subsequently reported that he underwent knee surgery that resulted in improved mobility and ambulation. (Tr. 318). Further, her final treatment notes appear to observe less severe physical findings on examination than she previously noted: "GENERAL APPEARANCE: well developed and well nourished...EXTREMITIES: sensations normal, symmetric strength and reflexes." (Tr. 346, 350, 353-354).

In addition, Nurse Welch's opinion is not well supported by the record including her own treatment records. See 20 C.F.R. § 416.927(c). The only objective evidence she cites in support of her opinion of very significant physical functional limitations is swelling of the knee, with joint line swelling and crepitus with movement. (Document No. 11-1 at p. 2). However, Dr. Mogul also considered this evidence (Tr. 72), but did not assess limitations anywhere near as severe. In addition, he did not conclude that Plaintiff would need to keep his leg elevated for at least 50% of a normal eight-hour workday. Nurse Welch further indicated that Plaintiff's depression contributed to the severity of his symptoms and functional limitations (Document No. 11-1 at p. 2) but her own treatment notes consistently document in the "General ROS" (review of systems) section that Plaintiff was "negative" for depression. (Tr. 243, 246, 249, 254, 257, 260, 315, 318, 324, 349, 352).

Finally, Nurse Welch's treatment notes do not document that she ever recommended that Plaintiff keep his leg elevated and, indeed, only her final two treatment notes document Plaintiff's subjective report that his knee pain was "worse" with ambulation and "better" with elevation. (Tr. 346, 349). Finally, no other treating medical source documented a recommendation that Plaintiff keep his leg elevated during the workday.

While SSR 06-03p acknowledges that Nurse Welch's opinions are "important and should be evaluated on key issues such as impairment severity and functional effects," Social Security Ruling ("SSR") 06-03p, 2006 WL 2329939 at *3, it also provides that:

> The fact that a medical opinion is from an 'acceptable medical source' is a factor that may justify giving that opinion greater weight than an opinion from a medical source who is not an 'acceptable medical source' because...'acceptable medical sources' are the most qualified health care professionals.

Id. at *5.  Here, the ALJ assessed Plaintiff with a physical RFC that matched Dr. Mogul's findings. Even if the ALJ had admitted Nurse Welch's report, she is not an acceptable medical source, and the ALJ has the discretion to afford greater weight to Dr. Mogul's opinions as an acceptable medical source with Social Security disability expertise than to Nurse Welch's opinions, and likely would have on this record for the above-stated reasons.

The ALJ was faced with conflicting evidence in this record, and Plaintiff has shown no error in her ultimate decision to adopt the opinions of Dr. Mogul, the reviewing physician.  "The ALJ's resolution of evidentiary conflicts must be upheld if supported by substantial evidence, even if contrary results might have been tenable also."  Benetti v. Barnhart, 193 Fed. Appx. 6, 2006 WL 2555972 (1st Cir. Sept. 6, 2006) (per curiam) (citing Rodriguez Pagan v. Secy' of HHS, 819 F.2d 1 (1st Cir. 1987)).  In other words, the issue presented is not whether this Court would have found

Plaintiff's impairments to be disabling but whether the record contains sufficient support for the ALJ's RFC finding.  Since it does, the ALJ's decision must be affirmed.

## VI.    CONCLUSION

For the reasons discussed herein, I recommend that Plaintiff's Motion to Reverse (Document No. 11) be DENIED and that Defendant's Motion to Affirm (Document No. 12) be GRANTED. Further, I recommend that Final Judgment enter in favor of Defendant.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt.  See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
November 2, 2016